**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **CAREFIRST OF MARYLAND, INC.,** | * | |
| ***Plaintiff,*** | * | |
| **v.** | * | **Civil No.: ABA-26-2391** |
| **AVRAHAM RAPPAPORT, *et al.*,** | * | |
| ***Defendants.*** | * | |

* * * * * * * * * * * * *

**AVRAHAM RAPPAPORT'S MEMORANDUM IN SUPPORT OF**
**DEFENDANTS' JOINT MOTION TO DISMISS COMPLAINT**

Defendant Avraham Rappaport ("Avraham"), by and through his attorneys, respectfully submits this memorandum in support of his motion to dismiss the Complaint filed by Plaintiff CareFirst of Maryland, Inc. ("CareFirst") on June 15, 2026.[1]

## INTRODUCTION

Fourth Circuit and Maryland state law are consistent: "the statute of limitations begins to run 'when a plaintiff knows or should know of the injury that underlies his cause of action.'" *Detrick v. Panalpina, Inc.*, 108 F.3d 529, 537 (4th Cir. 1997) (*quoting Pocohantas Supreme Coal Co. v. Bethlehem Steel Corp.*, 828 F.2d 211, 220 (4th Cir. 1987)); *see also Cain v. Midland Funding, LLC*, 475 Md. 4, 35 (2021) ("Under the discovery rule, a claim accrues when the plaintiff knew or reasonably should have known of the wrong.") (internal quote omitted). While the statute

[1] This Motion is timely filed based upon the Court's Order extending the time to file a responsive pleading until August 28, 2026. (Doc. 13).

of limitations for civil RICO claims is four years, *see Agency Holding Corp. v. Malley-Duff & Associates, Inc.*, 483 U.S. 143, 156 (1987), and the statute of limitations is three years for the Maryland state-law claims asserted here, *see* MD CODE, COURTS AND JUDICIAL PROCEEDINGS, § 5-101, the events giving rise to the allegations in the Complaint were, or should have been, known to Plaintiff well before June 15, 2022. Accordingly, Plaintiff's Complaint should be dismissed. At a minimum, Plaintiff has pled that it knew about the alleged facts no later than "late 2022"; (Doc. 1, ¶ 94), therefore Counts III-VI are time-barred by Maryland's three-year statute of limitations, and should be dismissed.

**FACTS**

To avoid unnecessarily belaboring any disagreement regarding the merits of the allegations and to solely focus on the issue presented in this motion—the expiration of the statute of limitations—the below facts are highlighted for the Court's consideration. While all allegations drawn from the Complaint are assumed as true for the purpose of evaluating this Motion, any facts not drawn directly from the Complaint are supported by attached exhibits which are "integral to the complaint and authentic," which the Court can consider without converting this to a motion for summary judgment under Fed. R. Civ. Pro. 56. *U.S. ex rel. Oberg v. Pennsylvania Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014).[2]

1. From as early as 2016, Avraham and CareFirst were parties to agreements governing the sale of CareFirst benefit plans by Avraham. (Doc. 1, ¶ 29).

2. Prior to 2022, CareFirst was aware of up to 21 subscribers claiming to simultaneously reside at 3915 Bancroft Road, Baltimore, Maryland 21215. (Doc. 1, ¶ 41a).

[2] The exhibits are authentic business records of CareFirst which were produced by it in another proceeding. These records were received by counsel for Avraham in that action and, to the best of undersigned counsels' knowledge, have not been altered or modified.

3. Prior to 2022, CareFirst was aware of up to 14 subscribers claiming to simultaneously reside at 6012 Wallis Road, Baltimore, Maryland 21215. (Doc. 1, ¶ 41b).

4. Prior to 2022, CareFirst was aware of up to 58 subscribers claiming to simultaneously reside at the same ten side-by-side duplex houses located at the corner of Park Heights Ave. and Taney Ave. in Baltimore, Maryland. (Doc. 1, ¶ 41d).

5. In March 2022, CareFirst "began looking into the rise in care costs for the Individual <65 line of business with a particular focus on catastrophic claims." CareFirst Document, "Avraham Rappaport Case Summary," attached as **Exhibit A**.

6. From March 2022 through May 2022, "[t]he Enrollment team reviewed eligibility and demographic data and noted that each of the members had the same broker (Avraham Rappaport)." **Exhibit A**.

7. During this same time period, "[d]ata queries of all members and their claims for policies sold by Avraham Rappaport were extracted . . . [and] [i]t was ***apparent*** that a pattern was occurring as there were dozens of members receiving care exclusively out-of-area." **Exhibit A** (emphasis added).

8. In June 2022, an "extensive review began." **Exhibit A**.

9. No later than July 1, 2022, CareFirst was contacting members directly regarding eligibility requirements and verification. *See, e.g.*, CareFirst Letter dated July 1, 2022, attached as **Exhibit B**.

10. "[I]n late 2022, CareFirst first conclusively identified that the unusual claims were being submitted largely by policies submitted by certain brokers: the Rappaports." (Doc. 1, ¶ 94).

## STANDARD OF REVIEW

A complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) if "accepting the allegations as true," it fails to "allow[] a recovery." *Waterford Citizens' Ass'n v. Reilly*, 970 F.2d 1287, 1290 (4th Cir. 1992). While a challenge to a claim under the statute of limitations is traditionally an affirmative defense, "where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007); *see also Moseke v. Miller and Smith, Inc.,* 202 F. Supp. 2d 492, 501 (E.D. Va. 2002) ("A motion to dismiss based on the expiration of the statute of limitations is analyzed under Rule 12(b)(6)."); *Doe v. Archdiocese of Washington*, 114 Md. App. 169, 175 (1997) ("If it is apparent from the face of the complaint that the action is barred by the statute of limitations, the complaint fails to state a claim upon which relief can be granted and the statute of limitations can be the grounds for a motion to dismiss."). Dismissal is, therefore, proper if the alleged facts would, if proven, nonetheless fail to afford relief to the plaintiff because the respective statute of limitations has expired.

## ARGUMENT

### I. THE STATUTE OF LIMITATIONS FOR COUNTS I AND II EXPIRED BEFORE THE COMPLAINT WAS BROUGHT.

It is black letter law that the statute of limitations for bringing an action alleging a civil RICO violation is four years. *See Agency Holding Corp.*, 483 U.S. at 156. The statute of limitations begins to run "when a plaintiff knows or should know of the injury that underlies his cause of action." *Detrick*, 108 F.3d at 537 (internal quotation omitted). In crystallizing the concept of the "discovery accrual rule" guiding the RICO statute of limitations, the Supreme Court explained that "we have been at pains to explain that discovery of the injury, not discovery of the other elements of a claim, is what starts the clock." *Rotella v. Wood*, 528 U.S. 549, 555 (2000). This concept is

illuminated in the Fourth Circuit's holding in *Detrick* where it refutes any implication "that the circuit intended the 'injury' to refer to both the actual injury as well as the plaintiff's discovery of the defendant's racketeering acts." *Detrick*, 108 F.3d at 540 ("The Detricks' injury occurred in April, 1990 when the Detricks abandoned their warehouse contract with Panlpina. The Detricks discovered the alleged fraud on March 11, 1991. Thereafter, the Detricks filed the instant suit on March 9, 1995. A straightforward application of the rule adopted in *Pocahontas* provides that the four-year statute of limitations began to run in April 1990, the date of the injury. Hence, the district court correctly concluded that the Trustees' claims, filed in 1995, were time-barred.").

The allegations here show that the injury at issue—financial losses based on the submission of applications for CareFirst policies based on false or fictitious information—was, or should have been, discovered by CareFirst prior to June 15, 2022. CareFirst sets forth in excruciating detail the number of CareFirst subscribers that simultaneously or near-simultaneously shared specific residential addresses—facts that it was aware of prior to June, 2022. (Doc. 1, ¶¶ 41a, 41b, 41d). These facts alone are enough to put CareFirst on notice of the injury alleged in the Complaint and CareFirst possessed these facts for some time prior to June 15, 2022. A complete, or even more fulsome, understanding of the facts underlying the alleged injury is not required to start the clock on the statute of limitations, and, without being able to put an exact date on CareFirst's initial notice of injury, its Complaint clearly sets forth that it preceded June 15, 2022.

Further, while the Court can find that CareFirst possessed notice of the injury prior to June 15, 2022 solely based on the allegations in the Complaint, Exhibits A and B provide context to buttress that finding. For example, the "Avraham Rappaport Case Summary" states that CareFirst began its inquiry into the billing practices from which it claims injury in March 2022, identifying that questionable subscriber claims "had the same broker (Avraham Rappaport)." Ex. A. CareFirst

next states that it began an "extensive review" in June 2022 focused on Avraham. *Id.* CareFirst was undisputedly aware of the alleged financial injury prior to June 15, 2022. While an internal CareFirst investigation was ongoing after June 15, 2022, the Fourth Circuit, in *Detrick*, explicitly rejects any argument that injury does not accrue prior to knowledge of facts underlying the cause of action. *Detrick*, 108 F.3d at 539-40 (finding that the economic harm was the sole injury that commenced the running of the statute of limitations); *see also Rotella*, 528 U.S. at 556-57 (explaining the proper application of the injury discovery rule utilizing a parallel between malpractice cases and RICO cases in the commencement of the statute of limitations and stating: "A RICO plaintiff's ability to investigate the cause of his injuries is not more impaired by his ignorance of the underlying RICO pattern than a malpractice plaintiff is thwarted by ignorance of the details if treatment decisions or of prevailing standards of medical practice."). Counts I and II should thus be dismissed under Rule 12(b)(6) because CareFirst cannot state a claim following the expiration of the statute of limitations.

## II. THE STATUTE OF LIMITATIONS FOR COUNTS III, IV, V, AND VI EXPIRED BEFORE THE COMPLAINT WAS BROUGHT.

It is codified in Maryland that a "civil action at law shall be filed within three years from the date it accrues" with limited, non-applicable exceptions. MD CODE, COURTS AND JUDICIAL PROCEEDINGS, § 5-101; *see also Cain*, 475 Md. at 37-38. This statutory, three-year limitations period is applicable to actions under the contract and tort theories alleged in Counts III-VI of the Complaint. *See Nationwide Mutual Insurance Company v. Shilling*, 468 Md. 239, 260 (2020) (analyzing the three-year statute of limitations in a breach of contract matter); *Ver Brycke v. Ver Brycke*, 379 Md. 669, 698 (2004) (finding that unjust enrichment was a claim at law based on the sought remedy of restitution); *Moreland v. Aetna U.S. Healthcare, Inc.*, 152 Md. App. 288, 295 (2003) (stating that the three-year statute of limitations governed tort claims). The statute of

limitations begins to run "when the plaintiff knew or reasonably should have known of the wrong." *Cain*, 475 Md. at 35 (internal quotation omitted); *see also Miller v. Pacific Shore Funding*, 224 F. Supp. 2d 977, 986 (D. Md. 2002) ("Knowledge of *facts*, however, not actual knowledge of their legal significance, starts the statute of limitations running.") (emphasis in original).

To survive the three-year statute of limitations for Counts III through VI, CareFirst could not have known of the alleged injury prior to June 15, 2023. The face of the complaint could not be clearer with respect to the Maryland state-law based claims contained in Counts III through VI—CareFirst was on notice of the alleged injury before June 15, 2023. While full development of the factual underpinnings is not required under the discovery rule to initiate the statute of limitations, CareFirst admits on the face of the Complaint that they had "conclusively identified that the unusual claims were being submitted largely by policies submitted by certain brokers: the Rappaports" no later than "late 2022." (Doc. 1, ¶ 94). The court in *Doe v. Archdiocese of Washington* reached this exact issue and upheld the dismissal of a complaint based on the expiration of statute of limitations based on the allegations solely on the face of the complaint. *Doe*, 114 Md. App. at 190; *see also Litz v. Maryland Dept. of Environment*, 434 Md. 623, 643-45 (2013) (affirming lower court holding that the permanent nuisance cause of action was barred by the statute of limitations based on the allegations contained on the face of the complaint). This Court should dismiss Counts III through VI because they were not brought timely under the Maryland statute of limitations.

**CONCLUSION**

For the foregoing reasons, this Court should dismiss each of Plaintiff's claims. Because each claim is brought untimely under applicable statutes of limitations, Plaintiff cannot state any viable cause of action and all claims must be dismissed with prejudice.

Dated: August 28, 2026

Respectfully submitted,

*<u>/s/ William Sinclair</u>*

Andrew C. White (# 08821)
awhite@silvermanthompson.com
Mark Edelson (# 29433)
medelson@silvermanthompson.com
William Sinclair (# 28833)
bsinclair@silvermanthompson.com
Gregory P. Bailey (# 23006)
gbailey@silvermanthompson.com
SILVERMAN THOMPSON SLUTKIN & WHITE, LLC
400 East Pratt Street, Suite 900
Baltimore, Maryland 21202
Phone: (410) 385-2225

*Attorneys for Avraham Rappaport*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of August, 2026, I filed the foregoing Memorandum in Support using CM/ECF which will notify all counsel of record.

*/s/ Gregory P. Bailey*
Gregory P. Bailey